UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Daniel Page,<br><br>　　　　Plaintiff<br><br>　　v.<br><br>Romeo Aranas,<br><br>　　　　Defendant | 2:16-cv-00015-JAD-PAL<br><br>**Order Dismissing Case and Denying Pending Motions as Moot**<br><br>[ECF 3, 4] |

　　　Daniel Page sues the medical director for the Nevada Department of Corrections under 42 USC 1983 alleging that the director was deliberately indifferent to his serious medical needs during his incarceration at Nevada's High Desert State Prison. On January 8, 2016, I denied Page's application to proceed *in forma pauperis* as incomplete,[1] and ordered him to file a completed IFP application or pay the full $400 filing fee by February 8, 2016.[2] I expressly warned Page that his case could be dismissed if he failed to take appropriate action by that date.

　　　The 30-day period expired more than two weeks ago, and Page has not filed a new IFP application, paid the full filing fee, or otherwise responded to my order. District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case.[3] A court may dismiss an action with prejudice if a party fails to prosecute an action, fails to obey a court order, or fails to comply with local rules.[4] In determining whether to dismiss an action for lack of prosecution, failure to

---

[1] ECF 5 at 1-2.

[2] *Id*. at 2.

[3] *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).

[4] *See Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440–41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130

obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation, (2) the court's need to manage its docket, (3) the risk of prejudice to the defendants, (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic alternatives.[5]

The first two factors— the public's interest in expeditiously resolving this litigation and the court's interest in managing the docket—weigh in favor of dismissing this case.  The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from unreasonable delay in filing a pleading ordered by the court or prosecuting an action.[6]  And the fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement.[7]  My order directing Page to file another IFP application or pay the full filing fee by February 8, 2016, expressly warned that, if Page failed to comply, "dismissal of this action may result."[8]  Accordingly,

IT IS HEREBY ORDERED that **this action is DISMISSED** without prejudice based on plaintiff's failure to file a completed IFP application or pay the full filing fee in compliance with my January 8, 2016, order [ECF 5].

IT IS FURTHER ORDERED that plaintiff's **motion for appointment of counsel [ECF 3]** and **motion for preliminary injunction [ECF 4] are DENIED** as moot.

---

(9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

[5] *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423–24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260–61; *Ghazali*, 46 F.3d at 53.

[6] *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).

[7] *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132–33;  *Henderson*, 779 F.2d at 1424.

[8] ECF 5 at 2.

1 | The Clerk of Court is directed to enter judgment accordingly and **CLOSE THIS CASE.**

2 | Dated this 23rd day of February, 2016

```
                                        _____
                                        Jennifer A. Dorsey
                                        United States District Judge
```